UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| GLENDA WHITE | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | DISTRICT JUDGE: |
| | * | |
| PROTECTIVE INSURANCE COMPANY, | * | MAGISTRATE JUDGE: |
| BROWN CLAIMS MANAGEMENT GROUP, | * | |
| LLC, FEDEX GROUND PACKAGE SYSTEM, | * | |
| INC., RHINO AND K.A.C.E.A., LLC, AND | * | |
| RICHARD REED | * | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendants, Protective Insurance Company and FedEx Ground Package System, Inc., who respectfully represent:

1.

On or about August 1, 2022, Plaintiff, Glenda White, filed a *Petition for Damages* in the 4th Judicial District Court for Ouachita Parish, Louisiana. Exhibit A.

2.

Plaintiff's *Petition for Damages* named as defendants: Protective Insurance Company ("Protective"), Brown Claims Management Group, LLC ("Brown"), FedEx Ground Package System, Inc. ("FedEx Ground"), Rhino and K.A.C.E.A., LLC ("RHINO"), and Richard Reed. Exhibit A, Paragraph 1.

3.

On or about August 29, 2022, Plaintiff filed a *First Amended Petition for Damages* adding Louisiana Farm Bureau Casualty Insurance Company ("La. Farm Bureau") as her alleged UM carrier. Exhibit B.

4.

Plaintiff's *First Amended Petition for Damages* includes baseless claims against La. Farm Bureau, Mr. Reed, FedEx Ground, RHINO, and Brown. Exhibit B.

5.

Plaintiff's *First Amended Petition for Damages* also includes material misrepresentations to the Court by alleging Defense counsel stated Defendants are "completely uninsured." Exhibit B, paragraph 16 and 20.

6.

Plaintiff's *Petition for Damages* and *First Amended Petition for Damages* requested service on all named defendants.

7.

Protective was served with Plaintiff's *Petition for Damages*, through the Louisiana Secretary of State on or about August 15, 2022. Exhibit C.

8.

FedEx Ground was served with Plaintiff's *Petition for Damages*, through its registered agent for service of process, CT Corporation, on or about August 15, 2022. Exhibit D.

9.

Upon information and belief, Brown was served with Plaintiff's *Petition for Damages* on August 16, 2022. Exhibit E.

10.

RHINO has not been served with Plaintiff's *Petition for Damages*. Undersigned counsel will represent RHINO if, and when, it is properly served.

11.

Mr. Reed has not been served with Plaintiff's *Petition for Damages*. Undersigned counsel will represent Mr. Reed if, and when, he is properly served.

12.

None of the defendants have not been served with Plaintiff's *First Amended Petition for Damages*.

13.

This *Notice of Removal* is filed within thirty days after receipt of service of Plaintiff's *Petition for Damages* by the Defendants who have been served, and is therefore timely under 28 U.S.C. § 1446(b)(1).

14.

Plaintiff's *Petition for Damages* alleges her damages exceed $75,000, exclusive of interests and costs, under 28 U.S.C. § 1332(a). Exhibit A, paragraph 10.

15.

Plaintiff, Glenda White, is a citizen of Louisiana. Exhibit A.

16.

Defendant, Protective, is a foreign insurance company incorporated under the laws of Indiana and having its principal place of business in Indiana. Exhibit F.

17.

Defendant, FedEx Ground, is a corporation incorporated under the laws of Delaware and having its principal place of business in Pennsylvania. Exhibit G.

18.

Defendant, RHINO is Georgia LLC.  Exhibit A, Paragraph 1D.

19.

Defendant, Richard Reed, is a citizen of Georgia. Exhibit A, Paragraph 1E.

20.

Brown is an improperly joined non-diverse defendant. Plaintiff added Brown for the sole purpose of defeating diversity jurisdiction as Plaintiff failed to state any claim against Brown in her *Petition for Damages*. Exhibit A.

21.

Plaintiff's *First Amended Petition for Damages* makes misrepresentations to the Court claiming Brown misrepresented material facts by emailing Plaintiff's counsel that "liability has been accepted with regards to this accident," without affirmative defenses and that an August 18, 2022, letter from Defense counsel stated Defendants are uninsured. Exhibit B, paragraph 20.

22.

Neither, Brown, nor any Defendant, have made misrepresentations regarding liability as Defendants have not filed their Answers at this time.

23.

Brown is an independent adjuster hired by FedEx Ground and is not an insurance company, nor is FedEx Ground an insurance company, and therefore neither is subject to Louisiana bad faith laws. La. R.S. 22:1892 and La. R.S. 22:1973.

24.

Brown is an improperly joined non-diverse defendant. Plaintiff added her claim against Brown in her *First Amended Petition for Damages* for the sole purpose of defeating diversity jurisdiction. Plaintiff's claim as alleged in her *First Amended Petition for Damages* is not actionable under Louisiana law.

25.

Counsel for Brown, Charles Duhe, has consented to the removal of this matter. EXHIBIT H.

26.

Brown should be dismissed from this lawsuit.

27.

Further, Plaintiff alleges in her *First Amended Petition for Damages* that Mr. Reed, FedEx Ground, and RHINO were uninsured are baseless and without merit. Exhibit B,

paragraphs 14 – 16, and 20.

28,

Defense counsel's letter to Plaintiff's counsel stated Protective is not the proper insurer and requested Protective be dismissed.  The letter also stated that Defendants believed Plaintiff's damages would not exceed FedEx Ground's potential financial responsibility. Exhibit I.

29.

Nowhere in Defense counsel's letter does it state Defendants were "completely uninsured," as alleged in Plaintiff's *First Amended Petition.* Exhibit B and I.

30.

It is admitted, upon information and belief that Mr. Reed was employed by, and in the course and scope of his employment with RHINO, a service provider which was providing services for FedEx Ground pursuant to an independent service provider agreement. It is admitted and stipulated that Mr. Reed was acting as an agent of FedEx Ground at the time of the subject accident and that FedEx Ground is responsible for his negligence, if any, as determined by the trier-of-fact, subject to all rights and defenses of Defendants.

31.

Plaintiff's *First Amended Petition for Damages* allege Plaintiff's past and future

medical expenses, including quantum for general and special damages from three cases for $3,072,823, $2,401,830, and $1,956,201, as evidence of Plaintiff's damages. Further, Defendants reserve the right to object to Plaintiff's inclusion of specific monetary amounts of damages under La. C.C.P. art. 893, should this matter remain in state court.

32.

FedEx Ground states that for public liability claims of this nature, FedEx Ground maintains a retention/deductible in an amount in excess of any reasonable judgment, settlement, or verdict that might be rendered in this action. Plaintiffs have not specified why excess insurance above the retention/deductible amount is relevant to any claims or defenses here. FedEx Ground maintains a retention/deductible totaling $7,500,000 per occurrence, and Controlled Opportunity and Risk Insurance Company provides reimbursement-based coverage up to $12,500,000 per occurrence excess thereof. The applicable policy is AL-FXG-2020, and is effective October 1, 2020 through October 1, 2021. Policy AL-FXG-2020 will be produced upon entry of a mutually agreed upon stipulation of confidentiality or protective order entered by the Court.

33.

Plaintiff, Glenda White, is the only person making a claim against Mr. Reed, RHINO, and FedEx Ground for which FedEx Ground may be responsible out of the above cited retention/deductible and applicable insurance.

34.

La. Farm Bureau is an improperly joined non-diverse defendant as Plaintiff added

them for the sole purpose of defeating diversity jurisdiction. FedEx Ground's available retention/deductible and applicable insurance, as cited above, are well in excess of Plaintiff's maximum recoverable damages and there is no possibility Plaintiff may recover from La. Farm Bureau.

35.

La. Farm Bureau should be dismissed from this lawsuit.

36.

There is complete diversity of citizenship between Plaintiff and the properly named and/or joined Defendants, Protective, FedEx Ground, RHINO, and Reed.

37.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and can be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b).

38.

Defendants will provide appropriate notice of this removal to the parties, and to the Clerk of Court for the 4th Judicial District Court for Ouachita Parish, Louisiana as required under 28 U.S.C. § 1446(d).

## **JURY DEMAND**

Defendants request a jury trial on all issues herein.

**WHEREFORE**, Defendants, Protective Insurance Company, FedEx Ground Package System, Inc., pray that the action entitled *"Glenda White v. Protective Insurance Company, Brown Claims Management Group, LLC, FedEx Ground Package System,*

*Inc., Rhino and K.A.C.E.A., LLC, and Richard Reed"*, bearing docket number C-20222669, was assigned to Division "C" of the 4th Judicial District Court for Ouachita Parish, Louisiana, be removed from that State Court docket to the United States District Court for the Western District of Louisiana.

        Respectfully submitted,

*[signature: Raymond P. Augustin]*

C. MICHAEL PARKS, #19727
RAYMOND P. AUGUSTIN, JR., #02610
PHILLIP S. PREJEAN, #36628
*Mouledoux, Bland, Legrand & Brackett*
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Tel: (504) 595-3000; Fax: (504) 522-2121
Email: mparks@mblb.com
Email: raugustin@mblb.com
Email: pprejean@mblb.com

*Attorneys for Defendants, Protective Insurance Company, LLC, FedEx Ground Package and System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy in the United States mail, first class postage prepaid, by hand delivery, by email, or by facsimile transmission, this 2ND day of September, 2022, at their last known address of record.

_____
RAYMOND P. AUGUSTIN, JR.