# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

GLENDA WHITE                    **CIV. ACTION NO. 3:22-05186**

VERSUS                             **JUDGE TERRY A. DOUGHTY**

PROTECTIVE INSURANCE CO.,      **MAG. JUDGE KAYLA D. MCCLUSKY**
ET AL.

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions:  (1) a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 14] filed by Defendant, Brown Claims Management, L.L.C., and (2) a motion to remand [doc. # 19] filed by Plaintiff Glenda White.  The motions are opposed.  For reasons explained below, it is recommended that the motion to dismiss be DENIED, without prejudice, and that the motion to remand be GRANTED.

## Background

On September 7, 2021, Glenda White ("White") was stopped in her vehicle on the shoulder of Interstate 20 ("I-20"), within Ouachita Parish, when she was struck by a passing "2016 Freightline Tractor," operated by Richard Reed ("Reed"), who, at the time, was acting as an agent or employee of FedEx Ground Package System, Inc. ("FedEx") and Rhino and K.A.C.E.A., L.L.C. ("R & K, LLC"), and insured by Protective Insurance Company ("Protective").  (Petition).  As a result of the accident, White suffered severe and extensive injuries and damages. *Id.*, ¶ 3.

On August 1, 2022, White filed the instant petition for damages against Reed, FedEx, R & K, LLC, and Protective, plus Brown Claims Management Group, L.L.C. ("Brown"). (Petition).  Although the original Petition listed Brown as a party, it did not set forth any facts to

establish a claim against Brown or even to explain Brown's relationship to the case. *Id*.

On August 29, 2022, White filed a First Amended Petition for Damages ("FAP") wherein she joined as an additional defendant her uninsured/underinsured motorist ("UM") carrier, Louisiana Farm Bureau Casualty Insurance Company ("LA Farm Bureau") for its failure to pay or tender any amount due for bodily injuries, property damage, and medical expenses. (FAP, ¶ 13). White further alleged that her outstanding medical expenses exceeded $188,000, with estimated future medical expenses of $240,000. *Id*., ¶ 17. Consequently, she asserted that her general damages reasonably exceeded several million dollars. *Id*.

The FAP also provided facts to support White's claim against Brown, which, as it turns out, stems from an October 22, 2021 statement by Thomas Moore, a claims adjuster employed by Brown, who misrepresented to White's attorney, that Defendants had "accepted liability" for her claim and that her claim was covered without any affirmative defenses. *Id*., ¶ 20. Because White, together with Defendants, LA Farm Bureau and Brown, are all Louisiana citizens, White asserted that the parties were not completely diverse, as required to support federal diversity jurisdiction. *Id*., ¶¶ 18, 21.

Undeterred by White's pronouncement in her pleadings that federal jurisdiction was unavailable, Defendants, Protective and FedEx, removed the case to federal court on September 2, 2022, on the exclusive basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). According to the Notice of Removal (and Petition), White is a Louisiana domiciliary and citizen. (Petition, Preamble; Notice of Removal, ¶ 16). Defendant, Reed, is a Georgia domiciliary and citizen. (Petition, ¶ 1; Notice of Removal, ¶ 19). Defendant, FedEx, is a Delaware corporation, with its principal place of business in Pennsylvania. (Notice of Removal, ¶ 17). Defendant, Protective, is a "foreign insurance company incorporated under the laws of Indiana," with its principal place of business in Indiana. (Notice of Removal, ¶ 16). Defendant, R & K, LLC, is a

2

"Georgia LLC." *Id.*, ¶ 18.

To overcome the obstacle to diversity jurisdiction posed by the presence of the two Louisiana Defendants, LA Farm Bureau and Brown, removing Defendants asserted that White has no reasonable possibility of recovery against them, and, therefore, they were improperly joined in an attempt to defeat subject matter and removal jurisdiction. *See* Notice of Removal. Once the improperly joined parties are excised from the jurisdictional equation, FedEx and Protective maintain that there is complete diversity of citizenship between White and the properly joined Defendants, i.e., Protective; FedEx; R & K, LLC; and Reed. *Id.*

On September 7, 2022, Protective and FedEx filed an Amended Notice of Removal whereby, *inter alia*, they expounded upon R & K, LLC's organizational background. (Amend. Notice of Removal [doc. # 6]). Specifically, the Amended Notice of Removal states that R & K, LLC was organized by two Georgia corporations, K.A.C.E.A., Inc. and Rhino, Inc. *Id.*, ¶ 11. In 2019, however, R & K, LLC was administratively dissolved or its certificate of authority was revoked by the Georgia Office of the Secretary of State. *Id.*, ¶ 12. Further, on December 29, 2018, Rhino and K.A.C.E.A. Corp. 6 ("R & K Corp.") was incorporated under the laws of Georgia. *Id.*, ¶ 13. Moreover, the 2016 Freightliner driven by Reed was purchased by R & K Corp. on April 9, 2020. *Id.*, ¶ 14. FedEx and Protective again asserted that there was complete diversity of citizenship between White and the properly named and/or joined Defendants, i.e., Protective, FedEx, R & K, LLC and/or R & K Corp., plus Reed. *Id.*, ¶ 40.

On September 9, 2022, Defendant, Brown, filed the instant motion to dismiss White's claims against it for failure to state a claim upon which relief can be granted. According to Brown's interpretation of the FAP, White asserted that Brown acted in bad faith when it purportedly misrepresented "a liability determination." However, Brown contends that because it is not an insurance company it is not subject to Louisiana's bad faith laws against insurance

companies, i.e., Louisiana Revised Statutes §§ 22:1973 and 22:1892, and, in any event, § 1973 does not provide a cause of action for liability determinations.

On September 13, 2022, FedEx, filed a memorandum in further support of Brown's motion to dismiss, to which it attached a document from the Louisiana Department of Insurance indicating that Brown is a third-party administrator.  [doc. # 17].

On October 3, 2022, White filed her opposition to Brown's motion to dismiss, wherein she explained that she was not proceeding against Brown as an insurance company under Louisiana's insurance bad faith statutes at all, but, instead, for misrepresentation under Louisiana delictual law, i.e., Louisiana Civil Code Article 2315, *et seq*.  [doc. # 18].  White also objected, in advance, to Brown's attempt to raise any new bases for dismissal in its reply brief.  *Id*.

On October 10, 2022, Brown filed a reply brief that disputed White's attempt to frame her cause of action against it as a tort claim, which it characterized as self-serving and manufactured.  [doc. # 21].  Instead, Brown distinguished two of the cases cited by White and asserted that it owed no duty to White, who was not an insured, but a third-party.  *Id*.

On October 10, 2022, FedEx filed its own reply brief in support of Brown's motion to dismiss that adopted Brown's reply brief, but further argued that, even if White's claim derived from Louisiana Civil Code Article 2315, White did not allege facts to show how Brown's alleged misrepresentations had harmed her.  [doc. # 22].

Meanwhile, on October 3, 2022, White filed the instant motion to remand this matter to state court for lack of subject matter jurisdiction because the presence of the two non-diverse Defendants, LA State Farm and Brown, destroys complete diversity.  White submitted several documents in support of her motion, including a copy of the accident report, Exh. 4; an August 18, 2022 letter from FedEx and Protective's attorney to Plaintiff's counsel, Exh. 5; a copy of White's auto policy declarations page, Exh. 6; a copy of a September 7, 2021 letter from LA

4

Farm Bureau to Plaintiff's counsel; Exh. 7; a copy of a September 24, 2021 letter from Plaintiff's counsel to Brown, Exh. 8; a September 30, 2021 letter from Thomas Moore at Brown to Plaintiff's counsel, Exh. 9; and an October 22, 2021 letter from Thomas Moore to "Cori McHorse," Exh. 10. [doc. # 19]. The foregoing documents purport to be authenticated via an unsworn declaration by Plaintiff's counsel. (M/Remand, Exh. 1). However, not only is the declaration unsworn, it also is unsigned, and, therefore, ineffective. *Id*.

On October 25, 2022, Defendants, Brown and FedEx/Protective, filed separate memoranda in opposition to the motion to remand. [doc. #s 23 & 24, respectively]. Brown argued that White had no reasonable possibility of recovery against it or LA Farm Bureau, and, therefore, they were improperly joined. (Brown Opp. Brief [doc. # 23]). Brown reasserted its arguments from its Rule 12(b)(6) motion, but added that, even if White's claim against it sounded in tort, Brown neither owed, nor breached, a duty to White under Louisiana law. *Id*. Referencing the statements contained in the October 22, 2021 email, Brown disputed White's assertion that Brown's employee had made any misrepresentation at all. *Id*. Brown noted that the email discussed White's property damage claim, which Brown represented had been paid. *Id*. Although Brown cited an Exhibit D entitled, "Total Loss Settlement Documents," Brown did not attach any exhibits to its opposition brief. *See* doc. # 23.

Brown further argued that White had no reasonable possibility of recovery against LA Farm Bureau because, according to the Notice of Removal, FedEx "maintains a retention/deduction totaling $7,500,000 per occurrence, and Controlled Opportunity and Risk Insurance Company provides reimbursement-based covered $12,500,00 per occurrence excess thereof." (Brown Opp. Brief, pg. 8). In other words, even with up to $3 million in claimed damages, White's UM coverage will not be implicated. *Id*.

In their brief, FedEx and Protective asserted that White had no claim against Brown for

the reasons briefed by Brown and in connection with Brown's Rule 12(b)(6) motion.  (FedEx Opp. Brief [doc. # 24]).  Citing *Texas Brine Co., L.L.C. v. American Arbitration Ass'n*, FedEx argued that the case was properly removed to federal court because the "Notice of Removal was filed before any properly joined Louisiana defendant had been served."  *Id*. (citing *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020)).  FedEx and Protective further argued that White had no claim against LA Farm Bureau for failure to pay her property damage claim because she already was paid for her property damage by Brown, on behalf of FedEx.  *Id*.  FedEx and Protective purported to support the foregoing statement with an exhibit described as White's "signed Bill of Sale and Power of Attorney."  However, no exhibits were attached to their memorandum.  *See* doc. # 24.  FedEx and Protective also emphasized that FedEx had admitted and stipulated that Reed was acting as its agent at the time of the accident and that FedEx was responsible for his "100% negligence."  *Id*., pg. 5.

FedEx also stated that it had admitted to maintaining a retention/deductible totaling $7.5 million per occurrence, and Controlled Opportunity and Risk Insurance Company providing reimbursement-based coverage up to $12.5 million per occurrence in excess thereof.  *Id*.  In sum, FedEx and Protective argued that White had no chance of recovering from LA Farm Bureau because FedEx has $20 million in coverage, whereas White's claims are for significantly less than that.  *Id*.

White filed a reply brief on October 31, 2022, to clarify several points.  (Pl. Reply Brief [doc. # 25]).  First, she noted that the Fifth Circuit had recently distinguished *Texas Brine Co., L.L.C. v. American Arbitration Ass'n*, and reaffirmed the longstanding principle that "[c]omplete diversity is still required even if one or more defendants have not been served; citizenship is what counts."  *In re Levy*, 52 F.4th 244, 248 (5th Cir. 2022) (citing *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998)).  Furthermore, a defendant's "non-diverse citizenship

6

cannot be ignored simply because he was an unserved defendant." *Id*.

Second, White argued that Defendants had failed to meet their heavy burden of showing that she has no possibility of recovery against non-diverse Defendants, Brown and LA Farm Bureau under Louisiana law. *Id*. With regard to LA Farm Bureau, White argued that Defendants had not even attempted to argue that she had no cause of action against her own medical payments and UM insurer under Louisiana law. *Id*. White further asserted that, prior to removal, FedEx's attorney advised Plaintiff's counsel that it did not believe that White's damages would exceed FedEx's potential financial exposure. *Id*. However, defense counsel made no mention of a self-insured retention or applicable insurance policy. *Id*. Thus, based on the lack of proof of insurance coverage available to all named Defendants, White had amended her petition to name her own UM and medical payments insurer as a party-defendant. *Id*.

White further noted at least eight Louisiana federal district court decisions that found no improper joinder of UM carriers, despite the presence of $3 million or more in underlying coverage. *See* Reply Brief, pg. 7, n. 28. In so doing, White highlighted a 2002 decision issued by Judge Vance wherein she held that plaintiffs' UM carrier was not a nominal party because, under Louisiana law, plaintiffs could pursue recovery directly from their UM carrier where the motorist defendant was self-insured up to a certain amount but was deemed to be an uninsured motorist for purposes of UM coverage and recovery. *Jacob v. Greyhound Lines, Inc.*, Civ. Action No. 02-2199, 2002 WL 31375612, at *6 (E.D. La. Oct. 21, 2002) (citing *Jones v. Henry,* 542 So.2d 507, 508 (La.1989) and *Provost v. Unger,* 949 F.2d 161, 163 (5th Cir. 1992)).

Finally, White stressed that FedEx had failed to adduce any admissible proof that it was self-insured up to $7.5 million, with additional insurance for claims between $7.5 million and $12.5 million. (Pl. Reply Brief, pg. 9). Indeed, FedEx never produced the excess insurance policy, and so there is no proof of the policy's conditions and exclusions from coverage. *Id*.

7

Furthermore, FedEx had asserted all available affirmative defenses in its Answer and denied that White suffered any injury as a result of the collision at all. *See* FedEx Answer [doc. # 10]. White also noted that there was no evidence that Reed, R & K, LLC, or even R & K Corp. had any or sufficient insurance to cover her damages.

On November 9, 2022 FedEx and Protective obtained leave of court to file a sur-reply in opposition to the motion to remand. [doc. #s 26-29]. FedEx and Protective asserted that, as a matter of law, FedEx cannot be considered an uninsured motorist or an underinsured motorist under Louisiana law. (FedEx Sur-reply [doc. # 29]). FedEx and Protective noted that in *Jacob v. Greyhound Lines, Inc.*, Judge Vance relied on the Louisiana Supreme Court decision in *Jones v. Henry*, but *Jones* was legislatively overruled over ten years earlier when Louisiana Revised Statute 22:1295(3) was amended to state that, "[a]ny party possessing a certificate of self-insurance as provided under the Louisiana Motor Vehicle Safety Responsibility Law, shall be an 'insurer' within the meaning of uninsured motorist coverage . . ." LA. R. S. § 22:1295(3). Consequently, FedEx and Progressive maintain that *Jacob* no longer is good law. (FedEx Sur-reply).

FedEx and Protective reiterated that FedEx is not uninsured because it has a retention/deductible totaling $7.5 million per occurrence and Controlled Opportunity and Risk Insurance Company provides reimbursement-based coverage up to $12.5 million in excess thereof. *Id*. Finally, FedEx and Protective stated that White never submitted copies of any correspondence or other evidence to show that she contacted LA Farm Bureau or that she made a satisfactory proof of loss to LA Farm Bureau to require it to tender its $25,000 UM proceeds limit. *Id*.

The matter is ripe.

### Discussion

### I.    Brown's Rule 12(b)(6) Motion

The Fifth Circuit has held that so long as a non-diverse party "remains joined, the only issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir.2016) ("*IEVM*").  Consequently, if, as argued by Defendants, this court were to find that White improperly joined non-diverse Defendant, Brown, then the court would be obliged to dismiss Brown, *without prejudice*, because the court would lack jurisdiction over Brown for purposes of an adjudication on the merits.  *See IEVM, supra*.[1]  Alternatively, if, as recommended below, the court were to determine that White enjoys a viable cause of action against one or more of the non-diverse/diversity-destroying Defendants, then the court would lack subject matter jurisdiction over the entire case, which would preclude it from reaching a merits-based Rule 12(b)(6) motion.[2]  *Id*.

In other words, no matter how the court resolves the improper joinder issue, the Rule 12(b)(6) motion must be denied.

### II.    White's Motion to Remand

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.  *Manguno v. Prudential*

---

[1]  In *IEVM*, the Fifth Circuit vacated the district court's ruling granting a Rule 12(b)(6) motion in favor of the non-diverse defendant because the court did not have jurisdiction to do so.  *IEVM*, 818 F.3d at 210.  The court explained that when the district court determined that the non-diverse defendant was improperly joined, the court effectively dismissed plaintiff's claims against the defendant without prejudice.  *Id*.  At that point, the district court should have denied the Rule 12(b)(6) motion, as moot.  *Id*.

[2]  A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 Fed. App'x. 735, 738 (5th Cir.2015) (quoted source omitted).

*Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

FedEx and Protective invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332(a). Here, White unequivocally seeks damages in excess of $75,000. *See* Petition, ¶ 10 and FAP, ¶ 17. Accordingly, the sole jurisdictional issue is whether the parties are citizens of diverse states.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

As stated earlier, White is a Louisiana citizen; Defendant, Reed, is a Georgia citizen; and Defendant, FedEx is a citizen of Delaware and Pennsylvania. Removing Defendants further alleged that Defendant, Protective, is a "foreign insurance company incorporated under the laws

of Indiana," with its principal place of business in Indiana.  (Notice of Removal, ¶ 16; Amend. Notice of Removal, ¶ 20).  To support their allegation of citizenship, Removing Defendants attached a printout from the Louisiana Department of Insurance.  (Notice of Removal, Exh. F). However, the printout indicates that Protective is *domiciled* in Indiana, but does not specify whether Protective is a *corporation*, or some other type of unincorporated association.  *Id*.  In other words, the evidence provided by removing Defendants does not necessarily support its apparent contention that Protective is a corporation.[3]

In addition, Defendant, R & K, LLC, is a limited liability company ("LLC").  For purposes of diversity, the citizenship of an LLC is determined by the citizenship of all of its **members**.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[4]  Here, removing Defendants alleged that R & K, LLC was *organized* by two Georgia corporations K.A.C.E.A., Inc. and Rhino, Inc.  (Amend. Notice of Removal, ¶ 11).  However, it is not known whether these organizing corporations also were *members* of  R & K, LLC, or whether there were any other members.  Moreover, removing Defendants did not allege the principal places of business for these corporations.[5]

---

[3] Although removing Defendants state that Protective was "incorporated under the laws of Indiana," they may have used the term, "incorporated," loosely, in the sense that it was "organized" under Indiana law.  This ambiguity further follows from removing Defendants' identification of Protective as a "company," which does not necessarily mean that it is a corporation.

[4]  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

[5]  In diversity cases involving corporations, "allegations of citizenship must set forth the **state of**

Removing Defendants further alleged that R & K LLC was dissolved in 2019, seeming to suggest that it no longer is a going concern and that it was succeeded by R & K Corp. *See* Amend. Notice of Removal, ¶¶ 11-13.  However, removing Defendants admitted that R & K, LLC is a properly named and/or joined party and have not argued or established that White has no reasonable possibility of recovery against it. *Id.*, ¶ 40.  Accordingly, removing Defendants were obliged to properly allege R & K, LLC's citizenship.

If the foregoing ambiguities or deficiencies represented the only issues with the court's exercise of subject matter jurisdiction, then the undersigned could have afforded removing Defendants an opportunity to amend their notice of removal to redress them.  However, a more immutable roadblock to the maintenance of this diversity suit in federal court is the presence of one, or more, admittedly non-diverse Defendants, Brown and LA State Farm, which, of course, is the focus of White's motion to remand.

To overcome the patent obstacle to diversity jurisdiction caused by Brown and LA State Farm's presence in the suit, removing Defendants contend that White has no reasonable possibility of recovery against them, and consequently, that White improperly joined Brown and LA State Farm in a transparent attempt to defeat diversity jurisdiction.  It has been long established that an improperly joined or nominal defendant will not defeat subject matter or removal jurisdiction.  *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d

---

**incorporation** as well as the **principal place of business** of each corporation." *Getty Oil, supra*; *see also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983) (emphasis added) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient).  Moreover, simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes.  *See Getty, supra*.

665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5ᵗʰ Cir. 2005)).  Nonetheless, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."  *McDonal*, 408 F.3d at 183.  Therefore, the burden of persuasion on a party claiming improper joinder is a "heavy one."  *Campbell*, 509 F.3d at 669 (citation omitted). The focus of the improper joinder inquiry must be "on the joinder, not the merits of the plaintiff's case."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).

There are two ways to establish improper joinder:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood, supra* (citing *Travis v. Irby*, 326 F.3d 644, 646-647 (5th Cir. 2003)).  In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse] defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] defendant."  *Id*.  "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."  *Id*. (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

The court may resolve whether White has a possibility of recovery against Brown and LA Farm Bureau in one of two ways:  1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (FED. R. CIV. P. 12(b)(6) analysis);[6] or 2) in the few cases where the plaintiff has stated a claim,

---

[6]  To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant." *Id*.[7] In the process, the court must consider "all *unchallenged* factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete, and remand is required. *Id.* The existence of even a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citation omitted).

    a) <u>Brown</u>

At times, FedEx, Protective, and Brown appear to argue that the petition, as amended, fails to state a claim for relief against Brown; whereas at other times, they rely on extrinsic evidence to show that White has no basis of recovery against Brown. However, the Fifth Circuit has made it clear that a court may choose either of the two analyses for improper joinder, but it must use one and only one of them, not neither or both. *IEVM,* 818 F.3d at 207. For purposes of White's claim against Brown, the court will employ the Rule 12(b)(6)-type analysis, which requires application of the federal pleading standard. *Id*.

As an initial matter, the court rejects Brown, FedEx, and Protective's efforts to pigeonhole White's cause of action against Brown into a bad faith claim under Louisiana Revised Statutes §§ 22:1973 and 22:1892. It is manifest that

    under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's

---

[7] In other words, facts that can be easily disproved if not true. *Id.*

claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of his legal argument.

*Skinner v. Switzer*, 562 U.S. 521, 530; 131 S.Ct. 1289, 1296 (2011) (citation omitted). In fact, "[t]he plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted." *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003).

Here, White has disavowed any intention to proceed against Brown under Louisiana's insurance bad faith statutes. Instead, she seeks to assert a tort claim against Brown.

Under Louisiana law,[8] the elements of a claim for delictual fraud or intentional misrepresentation include: "(a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999) (citations omitted). However, the plaintiff must have been the person who reasonably or justifiably relied on the misrepresentation of fact. *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 Fed. App'x. 434, 442 (5th Cir. 2011) (citation omitted); *see also Currier v. Entergy Servs., Inc.*, Civ. Action No. 11-2208, 2014 WL 1093687, at *10 (E.D. La. Mar. 14, 2014).

Similarly, to set forth a claim for negligent misrepresentation:

(1) there must be a legal duty on the part of the defendant to supply correct information; (2) there must be a breach of that duty, which can occur by omission as well as by affirmative misrepresentation; and (3) the breach must have caused damages to the plaintiff based on the plaintiff's reasonable reliance on the

---

[8] The parties analyzed the viability of White's claims pursuant to Louisiana law. Therefore, they implicitly agree that the disputed state law issues are governed by the substantive law of Louisiana. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).

misrepresentation.

*Kadlec Medical Center v. Lakeview Anesthesia*, 527 F.3d 412, 418 (5th Cir. 2008) (citation omitted) (citation omitted); LA. CIV. CODE ARTS. 2315-2316.

Here, White alleged that Brown's employee breached a duty owed to her when he gave her information, through her attorney, that Defendants had "accepted liability" for her claim. (FAP, ¶ 20). However, White did not allege any facts to show how she reasonably relied on this alleged misrepresentation to her detriment. Moreover, there is no indication that the alleged misrepresentation even was brought to her attention. She is no worse off than if Brown's employee had said nothing at all, or, instead, had stated that certain aspects of her claim remained in dispute. White proceeded to file suit in timely fashion, which she was required to do, in any event. Furthermore, it is implausible that White incurred any additional attorney's fees as a result of the alleged misstatement to her attorney, when, in all likelihood, the attorney is prosecuting this case on a contingency basis.

In sum, FedEx, Protective, and Brown have demonstrated that White has no reasonable possibility of recovery against Brown and that its presence may be disregarded for purposes of diversity jurisdiction.

b)  <u>LA State Farm</u>

FedEx, Protective, and Brown again were less than explicit about which method (Rule 12(b)(6) versus summary inquiry) they were employing to meet their burden to show that LA State Farm was improperly joined. However, FedEx and Protective made certain representations in the Amended Notice of Removal and FedEx's answer, plus referenced certain extrinsic evidence, which suggests that they are piercing the pleadings. Regardless, the outcome is the same either way.

Under Louisiana law, to obtain coverage under the uninsured motorist provision of a

16

particular policy, the insured must establish that she is "legally entitled to recover" damages from the owner or operator of an uninsured or underinsured motor vehicle. *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La. 1983) (citation omitted).  In other words, the plaintiff must establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages. *Id*. (citation omitted).

In her FAP, White alleged that, at the time of the September 7, 2021 accident, she had in full force and effect an insurance policy with LA State Farm that provided her with UM coverage and medical payments for injuries sustained as a result of Defendants' fault.  (FAP, ¶ 13).  However, LA Farm Bureau failed to tender any payment for those sums, in violation of the policy and Louisiana law. *Id*.  White detailed that her medical expenses alone were anticipated to total $428,000, which easily equated to general damages in the neighborhood of several million dollars. *Id*., ¶ 17.  Finally, White alleged that Defendants, Reed; R & K, LLC; and FedEx, were at fault, but had insufficient funds to cover her extensive damages.  (Petition, ¶¶ 2-8; FAP, ¶¶ 14-16).

The court finds that White has stated a plausible claim for recovery against LA State Farm for medical payments and UM coverage.

Turning to the piercing the pleadings method of establishing improper joinder, the court emphasizes that, for purposes of this inquiry, the "no-evidence" summary judgment standard is inapplicable, and, instead, removing defendants bear the burden of putting forth evidence to *affirmatively* negate a possibility of recovery by the non-diverse party. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citation omitted).

In this regard, FedEx and Protective documented in their Amended Notice of Removal that,

> FedEx . . . states that for public liability claims of this nature, FedEx . . . maintains a retention/deductible in an amount in excess of any reasonable judgment,

settlement, or verdict that might be rendered in this action. Plaintiffs have not specified why excess insurance above the retention/deductible amount is relevant to any claims or defenses here. FedEx . . . maintains a retention/deductible totaling $7,500,000 per occurrence, and Controlled Opportunity and Risk Insurance Company provides reimbursement-based coverage up to $12,500,000 per occurrence excess thereof. The applicable policy is AL-FXG-2020, and is effective October 1, 2020 through October 1, 2021. Policy AL-FXG-2020 will be produced upon entry of a mutually agreed upon stipulation of confidentiality or protective order entered by the Court.

(Amend. Notice of Removal, ¶ 36).  In addition, FedEx stated in its answer that,

[e]xcept to admit, upon information and belief, that at the time of the subject accident, Mr. Reed was employed by, and in the course and scope of his employment with, RHINO & K.A.C.E.A.6 Corp. (hereinafter referred to as "R & K Corp."), a service provider which was providing services for FedEx . . . pursuant to a transportation service provider agreement, the allegations set forth in Paragraph 4 of the Petition for Damages are denied. Further responding, it is admitted and stipulated that Mr. Reed was acting as an agent on behalf of FedEx . . . at the time of the subject accident and that FedEx . . . is responsible for his 100% negligence, subject to all rights and defenses of Defendants.

(FedEx Answer [doc. # 10]).

Although FedEx admitted that the accident was caused by the sole negligence of Reed (Answer, ¶¶ 6-7), it also pled all affirmative defenses under the Federal Rules of Civil Procedure and the Louisiana Code of Civil Procedure (Answer, ¶ 19), which is broad enough to encompass comparative fault principles.  *See, e.g.*, FED. R. CIV. P. 8.  Furthermore, FedEx expressly reserved its right to amend its answer, "as additional information and documentation becomes known." *Id.*, ¶ 21.

FedEx, Protective, and Brown contend that LA State Farm's UM coverage will not be implicated in this case because FedEx has accepted responsibility for Reed's liability and it maintains a retention/deductible totaling $7.5 million per occurrence and excess insurance thereafter for an additional $12.5 million.[9]  However, FedEx admits that the first $7.5 million

---

[9]  The Louisiana Supreme Court has held that a tortfeasor and the accident victim's UM carrier

dollars of its exposure represents a self-retention or deductible that, apparently, it must fund. Even White's estimated damages do not appear calculated to exceed FedEx's self-retention sum.

However, the difficulty for FedEx is that self-insurance or self-retention "is not an insurance policy per se, but is rather one method for complying with Louisiana's requirement that every motor vehicle maintain proof of financial responsibility." *Jacob, supra* (citations omitted). FedEx argues that "[a]ny party possessing a certificate of self-insurance as provided under the Louisiana Motor Vehicle Safety Responsibility Law, shall be an 'insurer' within the meaning of uninsured motorist coverage . . ." LA. R. S. § 22:1295(3). However, FedEx has not produced a copy of the certificate of self-insurance that is in compliance with Louisiana law or the law of any other state. *See* LA. R.S. § 32:1042; *David v. Averitt Exp.*, Civ. Action No. 11-631, 2011 WL 6936416, at *4 (M.D. La. Nov. 8, 2011), *R&R adopted,* 2011 WL 6936414 (M.D. La. Dec. 31, 2011) (defendants "offered no affidavit or other evidence establishing that Averitt is legally self-insured under Louisiana law, Tennessee law, the law of any other state, or under a federal law or regulation."); *Cibulski v. Miller*, Civ. Action No. 12-2837, 2013 WL 950570 (E.D. La. Mar. 11, 2013) (defendant came forward with no evidence beyond mere argument in memoranda to establish that its co-defendants had $1 million of liability coverage and $14 million in excess coverage).[10]

---

are solidary obligors, such that payment by one exonerates the other toward the creditor. *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575, 578–80 (La. 1982). On the other hand, "a tortfeasor's motor vehicle liability carrier is not solidary obligated with an accident victim's uninsured motorist carrier." *Rizer v. Am. Sur. & Fid. Ins. Co.*, 669 So.2d 387, 390 (La. 1996). Thus, "[t]he uninsured motorist carrier's liability is conditioned upon exhausting the liability carrier's policy limits." *Id.*

[10] In *Veronie v. Allen*, the Court denied summary judgment, stating that,

> [s]ignificantly, it is the *obtaining of a certificate of self-insurance* in accordance with the terms of La. R.S. 32:1042 that satisfies the purposes of the LMVSRL by proving that the self-insured is fiscally responsible and will pay damage claims and judgments involving its liability exposure.

Furthermore, if the subject Freightline tractor is not owned and/or registered by FedEx (but, instead owned by R & K, for example), it is questionable whether FedEx is eligible at all for a certificate of self-insurance that covers the accident.  *See* La. R.S. § 32:1042.  In fact, a certificate of self-insurance does not extend to the actions of a person using the vehicle with the express or implied consent of the named self-insured.  *Rockhold v. Dep't of Transp. & Dev.*, 528 So.2d 749, 751 (La. App. 4th Cir. 1988).  Therefore, even if FedEx had produced a certificate of self-insurance, it would not extend to Reed or R & K, who would be deemed uninsured for purposes of White's UM claim against LA Farm Bureau.  While FedEx purports to have accepted liability for Reed, it has not done so for R & K, and has gone so far as to subject its acceptance to "all rights and defenses of Defendants," plus expressly reserved its right to amend its Answer, should circumstances change.  Needless to say, FedEx's acceptance of responsibility is hardly ironclad and could prove ephemeral.

Finally, FedEx, Protective, and Brown have said little about White's claim for medical payments against LA State Farm, possibly because "[a]s a general rule, an insurer's payment under the med-pay provisions of an insurance policy . . . is due irrespective of defendant's liability in tort . . ."  *Titus v. IHOP Rest., Inc.*, 25 So.3d 761, 766  (La. 2009) (citations and internal quotation marks omitted).  In fact, under the collateral source rule, the tortfeasor does not receive a credit for the medical payments received by the accident victim from her own insurance company.  *See Howard v. United Servs. Auto. Ass'n*, 180 So.3d 384, 401 (La. App. 1st

---

Here, Movers have not produced the certificate of self-insurance mandated by the statute, nor does their summary judgment evidence attest that PV Holding Corp. holds such a certificate.

*Veronie v. Allen*, Civ. Action No. 17-1217, 2019 WL 1782521, at *4 (W.D. La. Apr. 23, 2019) (Doughty, J.).

Cir. 2015). In other words, White plainly is entitled to receive medical payments from LA State Farm.

In sum, the court finds that FedEx, Protective, and Brown have not met their burden of establishing that White has no reasonable possibility of recovery against LA State Farm. The non-diverse Defendant's continued presence in the suit precludes the exercise of diversity jurisdiction, and, consequently, the court lacks subject matter jurisdiction to entertain the matter. Remand is required. 28 U.S.C. § 1447(c).

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to remand [doc. # 19] filed by Plaintiff Glenda White be GRANTED, and that this matter be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 14] filed by Defendant, Brown Claims Management, L.L.C., be DENIED, without prejudice to Defendant's right to re-file the substance of the motion following remand, as warranted, in accordance with Louisiana procedural law and devices

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 26th day of January, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

23